## Crimes on Federal Fish Hatchery

ADAMS, Deputy Attorney General, July 15, 1940. — This department is in receipt of your recent inquiry, in which you ask whether or not a State fish warden has the right to make an arrest on the Federal Fish Hatchery property at Lamar, Clinton County, Pa., for a crime committed on said property.

We understand that the fish hatchery is owned by the Federal Government, having been purchased from private

individuals, and that your fish warden made the arrest by reason of defendant having violated The Fish Law of May 2, 1925, P. L. 448, 30 PS §1, in that he was fishing without a license. This inquiry resolves itself into a question of whether the Federal Government or the Commonwealth of Pennsylvania has jurisdiction over this land.

Article I, sec. 8, cl. 1 and 17, of the Constitution of the United States reads as follows:

"The Congress shall have Power . . .

"To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings . . .".

Fish hatcheries not being enumerated in the above clause, the question arises as to whether or not they are included in the phrase "and other needful buildings". The answer is found in the case of James, etc., v. Dravo Contracting Co., 302 U. S. 134, 143, 82 L. ed. 155, in which the Supreme Court interpreted "other needful buildings" as "embracing whatever structures are found to be necessary in the performance of the functions of the Federal Government."

Inasmuch as the Federal Government has created the Bureau of Fisheries, which is under the Department of the Interior, and has directed and authorized investigations on the subject of fish propagation, there would seem to be no doubt that a fish hatchery would be a necessary structure in the performance of the function of the Federal Government.

The next question which arises is whether or not the General Assembly has given its consent to the purchase of the land on which the hatchery is erected. An examination of the statutes of Pennsylvania reveals none which

relates in specific terms to this property. However, we do find the Act of May 5, 1931, P. L. 90, 30 PS §181, which reads as follows:

"That the Commonwealth of Pennsylvania hereby gives its consent and accords to the Government of the United States and the United States Commissioner of Fisheries, and his duly authorized agents, the right to establish a fish-cultural station in this Commonwealth, and to conduct fish hatching and fish culture at said hatchery in any manner and at any time the said commissioner may consider necessary and proper."

Of course this does not answer the question of jurisdiction, but we think the Act of June 13, 1883, P. L. 118, as amended by the Act of May 2, 1933, P. L. 223, 74 PS §1, which reads as follows, is in point:

"That *the jurisdiction of this State is hereby ceded to the United States of America* over all such pieces or parcels of land, not exceeding ten acres in any one township, ward of city, or borough, within the limits of this State, as have been or shall hereafter be selected and acquired by the United States for the purpose of erecting post-offices, custom houses or other structures, exclusively owned by the general government, and used for its purposes: Provided, That an accurate description and plan of such lands, so acquired, verified by the oath of some officer of the general government having knowledge of the facts, shall be filed with the Department of Internal Affairs of this State, as soon as said United States shall have acquired possession of the same: And provided further, *That this cession is upon the express condition that the State of Pennsylvania shall so far retain concurrent jurisdiction with the United States, in and over all lands acquired or hereafter acquired as aforesaid, that all civil and criminal process,* issued by any court of competent jurisdiction or officers having authority of law to issue such process, and all orders made by such court, or judicial officers duly empowered to make such orders, and necessary to be served upon any person, may be executed

upon said land and in the buildings that may be erected thereon, in the same way and manner as if jurisdiction had not been ceded as aforesaid." (Italics supplied.)

You will note that the only jurisdiction retained by the Commonwealth of Pennsylvania is the right of execution of certain process, either criminal or civil.

A reservation similar to the one cited in the Act of 1883, supra, was before the Supreme Court of Pennsylvania in the case of Manlove v. McDermott, 308 Pa. 384 (1932), in which the Supreme Court quoted from the opinion of the Superior Court to the effect that similar reservations of the right to serve criminal and civil processes in lands so ceded to the Federal Government have been held not to interfere with the supremacy of the United States over the lands ceded; on the contrary, such action is supported in order that the lands ceded may not become a refuge for persons fleeing from the police or the sheriff.

Although prosecutions for violations of The Fish Law of 1925, supra, committed on the Federal Hatchery hereinbefore mentioned, are not punishable in the State courts, this conclusion does not mean that violations of the State laws on Federal lands shall not be prosecuted.

Section 289 of the United States Criminal Code of March 4, 1909, as amended, 35 Stat. at L. 1145, 18 USC §468, reads as follows:

"Whoever, within the territorial limits of any State, organized Territory, or District, but within or upon any of the places now existing or hereafter reserved or acquired, described in section 451 of this title, shall do or omit the doing of any act or thing which is not made penal by any laws of Congress, but which if committed or omitted within the jurisdiction of the State, Territory, or District in which such place is situated, by the laws thereof in force on April 1, 1935, and remaining in force at the time of the doing or omitting the doing of such act

or thing, would be penal, shall be deemed guilty of a like offense and be subject to a like punishment.

In the case of Puerto Rico v. The Shell Co., etc., et al., 302 U. S. 253, 82 L. ed. 235 (1937), the Supreme Court of the United States said, on page 266:

"Prosecutions under that section, [Section 289 of the Criminal Code] however, are not to enforce the laws of the state, territory or district, but to enforce the federal law, the details of which, instead of being recited, are adopted by reference."

Section 451 (18 USC §451), or section 272 of the United States Criminal Code, reads in part as follows:

"Third. When committed within or on any lands reserved or acquired for the exclusive use of the United States, and under the exclusive jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dock-yard, or other needful building."

Appropriate proceedings may, therefore, be instituted before the United States Commissioner located in Clinton County, so that the violation of the Pennsylvania law, which law is adopted as Federal law, may be prosecuted in the Federal court.

We are, therefore, of the opinion, and you are accordingly advised that:

(a) A State fish warden does not have the right to make an arrest on the Federal Fish Hatchery property, owned by the United States, for violation of The Fish Law of 1925, supra;

(b) Prosecutions for violations of The Fish Law of 1925, supra, which becomes Federal law by reason of section 289 of the United States Criminal Code, supra, may be instituted before the United States Commissioner at Williamsport, Pa., for prosecution by the Federal authorities.